Francis X. Conlon, J.
The provision of section 1456 of the Civil Practice Act, that “ All the arbitrators * * * must meet together and hear the allegations and proofs of the parties ” is mandatory. No provision permitting waiver of this requirement is contained in the Civil Practice Act, such as there is, for example, in the case of the arbitrators’ oath (Civ. Prac. Act, § 1455). In the present case, the failure of one of the arbitrators to be present during part of the testimony is particularly serious, in view of the fact that no stenographic minutes were taken and there was, therefore, no way in which said arbitrator could acquaint himself with the evidence introduced during his absence. Although rules of an association, pursuant to which an arbitration is conducted, have, at times, been permitted to control, no case has been called to the court’s attention where a mandatory provision of the Civil Practice Act, such as the requirement of section 1456 which goes to the very essence of due process, has been held to be waivable or to have been superseded by the rules of a trade assocation permitting such waiver. Authorities dealing with common-law arbitrations and not involving a statutory mandate are not in point. In order to obtain the benefits of the statutory arbitration provided for in the Civil Practice Act, the parties must comply with its provisions. The motion to vacate the award is granted and the cross motion to confirm denied. In view of the claims of misconduct of some of the arbitrators made by petitioner, a rehearing is directed before new arbitrators, to be chosen pursuant to the rules of the American Arbitration Association.
Settle order.